


STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**ANDREW M. CUOMO**
Attorney General

Writer's Direct Dial
(212) 416-8548

**LESLIE G. LEACH**
Executive Deputy Attorney General
Division of State Counsel

**JUNE DUFFY**
Assistant Attorney General in Charge
Litigation Bureau

*[Handwritten note:]* Conference adjourned to 7/17/08 @ 9:15 A.M. No motions in the interim.

SO ORDERED:
Date: 6/26/08
Richard M. Berman, U.S.D.J.

*[Stamp:]* RECEIVED JUN 26 2008 CHAMBERS OF RICHARD M. BERMAN U.S.D.J.

June 25, 2008

By Hand
The Honorable Richard M. Berman
United States District Court Judge
United States District Court
500 Pearl Street
New York, New York 10007

    Re:    Howard Gotbetter v. Peter M. Wendt, et al.,
            Docket No.: 08-Civ-4868 (RMB)

Dear Judge Berman:

       This office represents the defendants in the above-referenced action. We submit this letter pursuant to your Individual Practice Rule 2A to request a pre-motion conference in anticipation of a dispositive motion to dismiss all the claims of the complaint for the reasons stated below.

**Background**

       All four defendants in this case are New York State Court Judges. The pro se plaintiff, an attorney admitted to the New York State Bar, has filed a Section 1983 action seeking monetary damages alleging that the judge who presided over his civil court trial (Judge Wendt) and ordered his eviction from his rent stabilized apartment on the grounds that it was not his primary residence, and the three appellate term jurists who affirmed the lower court's decision (Judges McKeon, McCooe and Davis), have violated his civil rights under the Fourteenth Amendment to the U.S. Constitution.

The Honorable Richard M. Berman
June 25, 2008
Page two

### A Motion to Dismiss Is Appropriate for this Action

The anticipated bases for the motion are Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure in that the Court lacks subject matter jurisdiction of the claims and the complaint fails to state a cause of action upon which relief can be granted.

**Sovereign Immunity**

The Eleventh Amendment to the U.S. Constitution provides sovereign immunity to the four New York State Court Judges who are acting in their official capacities thus precluding plaintiff's Fourteenth Amendment claim and his 42 U.S.C. § 1983 allegations. See, e.g. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 98-102,106 (1984); Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002)(the Eleventh Amendment bars claims against state official sued for damages in their official capacities). Here, there is no question that plaintiff is suing the defendants in their official capacity as State Court judges who, in ruling on plaintiff's housing court case, entered state court orders by which plaintiff claims to be aggrieved. Therefore, "the state is the real substantial party in interest and the Eleventh Amendment bars any claim for money damages asserted against the judge[s] in this action." Davis, 316 F.3d at 101.

**Judicial Immunity**

In addition, under the doctrine of absolute judicial immunity, a judge is not monetarily liable for acts done in the exercise of his judicial function. Mireles v. Waco, 502 U.S. 9 (1991); Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999). The only prerequisites to judicial immunity are that the judge not act in the "clear absence of all jurisdiction" and that he or she be performing a judicial act or one which is judicial in nature. Mireles v. Waco, 501 U.S. at 11-12; Stump v. Sparkman, 435 U.S. 349, 359 (1978).

**Rooker-Feldman Doctrine**

Federal district courts are precluded from sitting as appellate tribunals to review state court judgments. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 292 (2005) citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983). The lower federal courts possess no power whatever to sit in direct review of state court decisions. Atlantic Coast Line R.Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286 (1970); Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 (1923). This line of thought is known as the Rooker-Feldman doctrine and it precludes this Court from having jurisdiction over this federal action which is basically a complaint about a state court judge's decision and the subsequent order by the appellate judges affirming the lower state court decision in plaintiff's housing case. The only permissible review is by the relevant state superior courts and/or the United States Supreme Court. Feldman, 460 U.S. at 482-84.

The Honorable Richard M. Berman
June 25, 2008
Page three

**Insufficient Facts to Support the Complaint**

Finally, plaintiff's complaint fails to state plausible facts to support his claim that his civil rights under the Fourteenth Amendment have been violated. His allegations that the state court judges were biased and unfair is insufficient. Under the recently decided case of Bell Atlantic Corp. v. Twombly et al., __US__, 127 S. Ct. 1955 (2007), the Supreme Court abandoned the familiar standard from Conley v. Gibson, 355 U.S. 41 (1957) that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 127 S. Ct. at 1968 (quoting Conley, 355 U.S. at 45-46). The Second Circuit has adopted a flexible plausibility standard. See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008)("To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.' Bell Atl. Corp. v. Twomby, __U.S.__, 127 S. Ct. 1955, 1973, 167 L. Ed. 2d 929 (2007)"). There are insufficient facts alleged by plaintiff to establish what type of claim he is raising let alone a plausible claim. In addition, the fact that the Appellate Term judges affirmed Judge Wendt's decision in a Per Curiam Order, without elaborating on their reasons, does not demonstrate bias by these as judges as plaintiff appears to allege. Under Twombly "...at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.' See ATSI Commc'ns., Inc v.Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007)(quoting Twombly, 127 S. Ct. at 1965)." Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008).

**Initial Rule 16 Conference**

Counsel respectfully requests that the current date of July 24, 2008 be adjourned to any date other than that in the week of July 21-25, 2008 because counsel has a previously scheduled vacation during that time. Also, counsel respectfully suggests that any conference date be adjourned until after a conference and a determination on the proposed motion to dismiss. Counsel for defendants has made no prior requests for an adjournment. Counsel has been in contact with plaintiff pro se and he consents to an adjournment for another date in July. Should the Court wish to proceed with a conference, either as a pre-motion or Rule 16, both parties suggest July 31, 2008.

Accordingly, defendants request permission to file a motion to dismiss all the claims in the above-referenced complaint.

                                      Respectfully submitted,

                                      Susan Anspach (SA 6968)
                                      Assistant Attorney General

cc: Howard Gotbetter, Esq.
    PO Box 102
    New York, NY 10101-0102