

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
ATTORNEY GENERAL

LESLIE G. LEACH
EXECUTIVE DEPUTY ATTORNEY GENERAL
STATE COUNSEL DIVISION

JUNE DUFFY
ASSISTANT ATTORNEY GENERAL IN CHARGE
LITIGATION BUREAU

**MEMO ENDORSED**

July 22, 2008

By Hand July 22, 2008
Hon. Theodore H. Katz
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/08

Re:   Howard Gotbetter v. Peter M. Wendt, et al.,
      USDC, SDNY, 08-Civ-4868 (RMB)

Dear Judge Katz,

This office represents defendants, Peter Wendt, William Davis, William McCooe, and Douglas McKeon (the State Judicial Defendants"), all judges of the New York State Unified Court System, in the above-referenced action. We write to request a stay of discovery until a determination is rendered on the defendants' motion to dismiss the complaint in this action and, if warranted, a conference is held after joinder of the issues, for the reasons stated below.

**Background**

Plaintiff claims that judicial decisions by a trial judge and three Appellate Term judges unlawfully denied him possessory rights in a rent stabilized apartment. Judge Wendt presided over plaintiff's Civil Court, Housing Part trial and by decision and order, dated August 11, 2006 ( a copy annexed hereto) determined that the residence at issue was not plaintiff's primary residence and awarded a final judgment of possession to the landlord. The Appellate Term of the First Department, (Judges McKeon, McCooe and Davis) affirmed the lower court's decision. See Trump CPS LLC v. Godbetter, 15 Misc. 3d 141A; 841 N.Y.S.2d 824 ( App. Term, 1st Dep't 2007) The plaintiff pro se , an attorney admitted to the New York State Bar, filed this action pursuant to 42 USC § 1983 alleging that these decisions violated his civil rights under the Fourteenth Amendment to the U.S. Constitution, and seeks monetary damages against each of the State Judicial Defendants for their respective action in rendering the judicial determinations. In short, plaintiff thus claims that his case was wrongly decided by four judges acting in their

COPIES MAILED
TO COUNSEL OF RECORD ON     7/24/08

120 BROADWAY, NEW YORK N.Y. 10271-0332 • PHONE (212) 416-8610 • FAX (212) 416-6075 • NOT FOR SERVICE OF PAPERS
HTTP://WWW.OAG.STATE.NY.US

Hon. Theodore H. Katz  
Re: <u>Gotbetter v. Wendt</u>, 08-Civ-4868

July 22, 2008  
---------------2

official capacities in rendering decisions in a court case. Clearly, a dispositive motion to dismiss this action exists: the Eleventh Amendment to the U.S. Constitution provides sovereign immunity to the State Judicial Defendants who are acting in their official capacities thus precluding plaintiff's claims; under the doctrine of absolute judicial immunity, a judge has is no monetary liability for acts done in the exercise of his judicial function; Federal district courts are precluded from sitting as appellate tribunals to review state court judgments pursuant to the Rooker-Feldman doctrine; and the complaint fails to state plausible facts to support plaintiff's claim that his civil rights under the Fourteenth Amendment have been violated. The conclusory allegations in the complaint that the State Judicial Defendants were biased and unfair for no reason other than plaintiff's claim that their rulings were incorrect are insufficient for this action to continue.

The State Judicial Defendants submitted a pre-motion letter to Judge Richard M. Berman in accordance with his individual practices, noting deficiencies in the complaint, and that defendants wished to file a dispositive motion to dismiss the complaint. At the the pre-motion conference on Thursday July 17, 2008, Judge Berman granted defendants' request to move for dismissal of the complaint and declined to rule on plaintiff's request to depose Judge Wendt but referred the matter and all discovery issues to this court pursuant to the Order Referring Case to Magistrate Judge, dated July 17, 2008. Plaintiff has now served a notice of deposition for Judge Wendt.. The State Judicial Defendants contend that the complaint is facially inadequate, and request that discovery not proceed until their motion to dismiss is decided.

### A Stay of Discovery Is Warranted

Courts have the authority to stay discovery while potentially dispositive motions are pending before them. See e.g., <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 817-818 (1983); <u>Transunion Corporation v. Pepsica Corporation</u>, 811 F.2d 127, 130 (2d Cir. 1987); <u>Corwin v. Marney Orton Investments</u>, 843 F.2d 194, 200 (5th Cir. 1988) <u>John's Insulation, Inc. v. Siska Constr. Co. Inc.</u>, 671 F. Supp. 289 297 (S.D.N.Y. 1987)("federal district court has the inherent power, in the exercise of its discretion, to stay an action pending before it").

Here, Plaintiff seeks to depose a sitting judge to elicit information about his decision in the case of <u>Trump CPS LLC v. Gotbetter</u>, where Judge Wendt rendered a decision adverse to Plaintiff's interests. This deposition would not effect the pending dismissal motion and would waste valuable judicial resources. This court should exercise its broad discretion to stay discovery until a ruling on defendant's motion to dismiss can be entered.

### No Discovery of A Judge Is Warranted in This Action

Discovery, including depositions and document production of files from a judge and his staff, is generally not allowed by our courts. See <u>United States v. Morgan</u>, 313 U.S. 409, 422 (1941); <u>Miller v. Silbermann</u>, 1994 U.S. Dist. LEXIS 6067, *8-9 (S.D.N.Y. May 10, 1994. As set forth in <u>Curro v. Watson</u>, 1989 WL 47698 (E.D.N.Y., CV-86-2501, May 1, 1989), (<u>Sifton</u>, J.): "It is well-settled that the decision-making processes of judges is not generally subject to discovery; <u>McGoldrick v. Koch</u>, 110 F.R.D. 153, 155 (S.D.N.Y. 1986) (other citations omitted); <u>see also United States v. Ianniello</u>, 740 F.Supp. 171, 187(S.D.N.Y. 1990), rev'd on other grounds

Hon. Theodore H. Katz  
Re: Gotbetter v. Wendt, 08-Civ-4868

July 22, 2008  
---------------3

sub nom. United States v. Salerno, 937 F.2d 797 (2d Cir. 1991)." "[J]udges are under no obligation to divulge the reasons that motivated them in their official acts; the mental processes employed in formulating the decision may not be probed." United States v. Roth, 332 F. Supp. 2d 565, 567 (S.D.N.Y. 2004); citing United States v. Cross, 516 F. Supp. 700, 707 (M.D. Ga. 1981), aff'd, 742 F.2d 1279 (11th Cir. 1984); see also, Goetz v. Crosson, 41 F.3d 800, 805 (2d Cir. 1994); Washington v. Strickland, 693 F.2d 1243, 1263 (5th Cir.*Unit B 1982); Pisani v. Westchester County Health Care Corp., 2007 U.S. Dist. LEXIS 3202 at *11 (S.D.N.Y. 2007).

This is so even though an inquiry may be factually directed. "Even though a particular inquiry may be factually directed, it may still be objectionable if it invades upon the official's good faith decision-making prerogatives." Standard Packaging Corp. v. Curwood Inc., 365 F. Supp. 134, 135 (N.D. Ill. 1973). "Such an examination of a judge would be destructive of judicial responsibility . . . . [A] judge cannot be subjected to such a scrutiny. . . ." United States v. Morgan, 313 U.S. at 422. Such legal principles apply to a judge's mental processes whether the justice issuing "official judgments or the reasons that motivated him in the performance of his official duties. See e.g. United States v. Morgan, 313 U.S. 409, 422 (1941); Fayweather v. Ritch, 195 U.S. 276, 306-07 (1904); Grant v. Shalala, 989 F.2d 1332, 1344-45 (3rd Cir. 1993); Robinson v. Commission of Internal Revenue, 70 F.3d 34, 38 (5th Cir. 1995)." United States v. Roth, 332 F. Supp. 2d at 567.

The law is clear; plaintiff's potential questions to Justice Wendt about the August 11, 2006 decision and order in Trump CPS LLC v. Gotbetter are clearly inquiries into an area that is privileged. Indeed, this would include, inter alia, any questions about how Judge Wendt rendered determinations upon applications submitted to him, and the weight given by Judge Wendt to any of the submissions and information contained therein.

### Fed. R. Civ. P. Does Not Permit Discovery At This Time

Rule 26 (d)(1) of the Fed.R Civ.P does not permit a party to conduct discovery before the parties have conferred as required by Rule 26 (f) which includes Initial Disclosures as required by Rule 26(a)(1). Further, Rule 30 (a)(2) of the Fed.R.Civ.P. requires a party to seek leave of the court if the party seeks to take the deposition before the time specified in Rule 26(d)(1). Here, the Court has not scheduled discovery and plaintiff has not requested permission to take the deposition of a State court judge prior to the determination of the impending motion, joinder of the issues, and a conference to discuss all discovery issues.

As there is no sound legal basis upon for plaintiff to conduct discovery until after the Court rules on the motion to dismiss the complaint, we ask this Court to stay all discovery until the court renders a determination on the State Judicial Defendants' motion to dismiss.

Respectfully submitted,

CHARLES F. SANDERS (CFS 3574)  
Assistant Attorney General

Hon. Theodore H. Katz　　　　　　　　　　　　　　July 22, 2008
Re: <u>Gotbetter v. Wendt</u>,  08-Civ-4868　　　　　　　---------------4

cc:　　Howard Gotbetter (By Express Mail)
　　　　<u>Attorney Pro Se</u>
　　　　P.O. Box 102- Radio City Station
　　　　New York, New York 10101-0102

> Judge Wendt need not appear for deposition at this time. Plaintiff may respond to this letter, after which the Court will resolve the issue.
>
> 7/23/08   SO ORDERED
>
> THEODORE H. KATZ
> UNITED STATES MAGISTRATE JUDGE

**MEMO ENDORSED**