

**MEMO ENDORSED**

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
ATTORNEY GENERAL

LESLIE G. LEACH
EXECUTIVE DEPUTY ATTORNEY GENERAL
STATE COUNSEL DIVISION

JUNE DUFFY
ASSISTANT ATTORNEY GENERAL IN CHARGE
LITIGATION BUREAU

July 29, 2008

By Hand July 29, 2008
Hon. Theodore H. Katz
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007



JUL 30 2008

    Re:    Howard Gotbetter v. Peter M. Wendt, et al.,
            USDC, SDNY, 08-Civ-4868 (RMB)

Dear Judge Katz,

      This office represents defendants, Peter Wendt, William Davis, William McCooe, and Douglas McKeon (the State Judicial Defendants"), all judges of the New York State Unified Court System, in the above-referenced action. We write to request the Court to amend its July 23, 2008 Order and to grant defendants' request for a stay of discovery until a determination is rendered on the defendants' motion to dismiss the complaint in this action and, if warranted, that a conference be scheduled only after such a determination and if necessary, following joinder of the issues after a ruling on such motion, for the reasons stated below.

      By letter, dated July 22, 2008, the State Judicial Defendants requested a stay of discovery and detailed the reasons therein. By order, dated July 23, 2008, the Court denied plaintiff pro se, an attorney, to take the deposition of Judge Wendt "at this time" providing plaintiff a further opportunity to explain the reasons and necessity to conduct such discovery prior to the determination of the defendants' impending dismissal motion, joinder of the issues, and a conference to discuss all discovery issues. By letter, dated July 24, 2008, plaintiff basically contends that he needs the deposition of Judge Wendt to show that he acted "in clear absence of jurisdiction." This contention is meritless. Defendants' motion to dismiss will fully address the "jurisdictional" issue, and discovery should be stayed pending a ruling on such a motion. As detailed in our July 22, 2008 letter to this Court, plaintiff is neither entitled to discovery nor to depose a judge because the proposed motion to dismiss the complaint will be dispositive of all claims, discovery of judicial officers, including depositions and document production of files

Hon. Theodore H. Katz  July 29, 2008
Re: <u>Gotbetter v. Wendt</u>, 08-Civ-4868  ---------------2

from a judge and his staff, is generally not allowed by our courts, and discovery should not proceed herein until there has been a determination of the dismissal motion.

    Moreover, Rule 26 (d)(1) of the Fed.R Civ.P does not permit a party to conduct discovery before the parties have conferred as required by Rule 26 (f) which includes Initial Disclosures as required by Rule 26(a)(1). Further, Rule 30 (a)(2) of the Fed.R.Civ.P. requires a party to seek leave of the court if the party seeks to take the deposition before the time specified in Rule 26(d)(1). Here, the Court has not scheduled discovery and plaintiff has not requested permission to take the deposition of a State court judge prior to the determination of the impending motion, joinder of the issues, and a conference to discuss all discovery issues.

    As there is no sound legal basis upon for plaintiff to conduct discovery until after the Court rules on the motion to dismiss the complaint, we ask this Court to stay all discovery until the court renders a determination on the State Judicial Defendants' motion to dismiss.

                                          Respectfully submitted,

                                          CHARLES F. SANDERS (CFS 3574)
                                          Assistant Attorney General

cc:    Howard Gotbetter, Esq. (By Express Mail)
       Plaintiff <u>pro se</u>
       P.O. Box 102- Radio City Station
       New York, New York 10101-0102

*[Handwritten: Pretrial discovery will be stayed until resolution of the motion to dismiss.]*

7/30/08

**SO ORDERED**

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE