

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
ATTORNEY GENERAL

LESLIE G. LEACH
EXECUTIVE DEPUTY ATTORNEY GENERAL
STATE COUNSEL DIVISION

JUNE DUFFY
ASSISTANT ATTORNEY GENERAL IN CHARGE
LITIGATION BUREAU

July 29, 2008



By Hand July 29, 2008
Hon. Richard M. Berman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  Howard Gotbetter v. Peter M. Wendt, et al.,
     USDC, SDNY, 08-Civ-4868 (RMB)

**MEMO ENDORSED**
p. 3

Dear Judge Berman,

This office represents defendants, Peter Wendt, William Davis, William McCooe, and Douglas McKeon (the State Judicial Defendants"), all judges of the New York State Unified Court System, in the above-referenced action. Plaintiff pro se, an attorney, demands that the State Judicial Defendants serve and submit an answer prior to him amending his complaint or the Court determines the motion to dismiss the complaint as set forth in the July 17, 2008 pre-motion conference and the subsequent case management plan in this action. We write to request that the Court enter an order to clarify the verbal order and instructions at the July 17, 2008 pre-motion conference and the case management plan for the reasons stated below.

**Background**

Plaintiff claims that judicial decisions by state court a trial judge and three state court Appellate Term judges unlawfully denied him possessory rights in a rent stabilized apartment. Judge Wendt presided over plaintiff's Civil Court, Housing Part trial and by decision and order, dated August 11, 2006 ( a copy annexed hereto) determined that the residence at issue was not plaintiff's primary residence and awarded a final judgment of possession to the landlord. The Appellate Term of the First Department, (Judges McKeon, McCooe and Davis) affirmed the lower court's decision. See Trump CPS LLC v. Gotbetter, 15 Misc. 3d 141A; 841 N.Y.S.2d 824 ( App. Term, 1st Dep't 2007). The plaintiff pro se , an attorney admitted to the New York State Bar, filed this action pursuant to 42 USC § 1983 alleging that these decisions violated his civil

Hon. Richard M. Berman                                              July 29, 2008
Re: <u>Gotbetter v. Wendt</u>, 08-Civ-4868                          ---------------2

rights under the Fourteenth Amendment to the U.S. Constitution, and seeks monetary damages against each of the State Judicial Defendants for their respective action in rendering the judicial determinations. In short, plaintiff thus claims that his case was wrongly decided by four judges acting in their official capacities in rendering decisions in a court case, and that these allegedly erroneous decisions give rise to the claims in this case. Clearly, a dispositive motion to dismiss this action exists: the Eleventh Amendment to the U.S. Constitution provides sovereign immunity to the State Judicial Defendants who are acting in their official capacities thus precluding plaintiff's claims; under the doctrine of absolute judicial immunity, a judge has no monetary liability for acts done in the exercise of his judicial function; Federal district courts are precluded from sitting as appellate tribunals to review state court judgments pursuant to the Rooker-Feldman doctrine; and the complaint fails to state plausible facts to support plaintiff's claim that his civil rights under the Fourteenth Amendment have been violated. The conclusory allegations in the complaint that the State Judicial Defendants were biased and unfair for no reason other than plaintiff's claim that their rulings were incorrect are insufficient for this action to continue.

## July 17, 2008 Pre-Motion Conference and Order

The State Judicial Defendants submitted a pre-motion letter to the Court in accordance with your individual practices, noting deficiencies in the complaint, and that defendants wished to file a dispositive motion to dismiss the complaint. At the the pre-motion conference on Thursday July 17, 2008, the Court granted defendants' request to move for dismissal of the complaint, set forth a briefing schedule, and allowed plaintiff an additional two (2) weeks to determine if he wanted to amend his complaint. However, by letter, dated July 21, 2008, plaintiff contends that the defendants are to answer on or before July 28, 2008 because "[he does not] recall [the Court] giving extra time to answer because you contemplate/intend to make a dismissal motion. If I do <u>not</u> hear from you <u>promptly</u>, I shall seek a possible default all rights and remedies reserved." A copy of the letter is annexed hereto. There is no basis for plaintiff's assertion that the Court provided (a) plaintiff an opportunity to amend his complaint and (b) the parties a briefing schedule for the motion to dismiss either the original or amended complaint, but simultaneously ordered the State Judicial Defendants to answer the same complaint. However plaintiff's July 21, 2008 letter indicates that the parties are not of the same understanding as to what was directed by the Court at the July 17th pre-motion conference and this warrants further clarification to avoid unnecessary motion practice concerning a baseless motion for default. Accordingly, we respectfully request that the Court clarify that an answer to the complaint, if necessary, is not due until after the Court renders a determination on defendants impending motion to dismiss.

Respectfully submitted,

*/s/ Charles F. Sanders*

CHARLES F. SANDERS (CFS 3574)
Assistant Attorney General

Hon. Richard M. Berman                                              July 29, 2008
Re: <u>Gotbetter v. Wendt</u>, 08-Civ-4868                          ---------------3

cc:    Howard Gotbetter, Esq. (By Express Mail)
       Plaintiff <u>pro se</u>
       P.O. Box 102- Radio City Station
       New York, New York 10101-0102

> It appears that Plaintiff filed an Amended Complaint in this action on 7/31/08. Defendants may proceed with their motion to dismiss the Amended Complaint according to the schedule set forth in the Case Management Plan [#7].
>
> SO ORDERED:
> Date: 8/1/08    Richard M. Berman
>                 Richard M. Berman, U.S.D.J.